CASE 6—APPEALS—JAN. 7.

# Rice, &c. v. Commonwealth.

### APPEAL FROM LAWRENCE COUNTY COURT.

APPEALS FROM COUNTY COURT TO COURT OF APPEALS NOT ALLOWED.
The law authorizing appeals in certain cases from the judgment of
a county court directly to the Court of Appeals was repealed by the
adoption of the General Statute, sec. 2, art. 22, chap. 28, p. 311.

R. T. BURNS, . . . }
WM. M. FULKERSON, } . . . . . . . . For Appellants,

CITED

Civil Code, secs. 15, 16, 92, 94.        4 Met. 71.
1 Met. 380, Commonwealth v. Thornton.
4 Met. 225, Commonwealth v. Rowland.
3 Met. 2, Commonwealth v. Runnion.
14 B. Mon. 291, Commonwealth v. Bronson.

THOS. E. MOSS, Attorney General, . . . . For Appellee,

CITED

General Statutes, chap. 7, secs. 3, 5, 15.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants having been made liable by a judgment of
the Lawrence County Court on a bond executed by them as the
sureties of one Charles Handley for his appearance to answer
a charge of bastardy, etc., have prosecuted an appeal to this
court.

The law authorizing appeals in certain cases from the judg-
ment of a county court directly to the Court of Appeals was
repealed by the adoption of the General Statutes.

Section 2 of article 22 of chapter 28, General Statutes, pro-
vides that "no appeal shall be taken to the Court of Appeals
from a judgment for the recovery of money or personal prop-
erty if the value in controversy be less than $50, exclusive of

cost; nor to reverse a judgment granting a divorce or punishing contempt, nor from an order or judgment of a county court, quarterly, city, or police court, nor from a court held by a justice of the peace, or one having jurisdiction not greater than that of a justice of the peace, nor from a bond having the force of a judgment."

The appeal is therefore dismissed.